**Keith S. Dubanevich**, OSB No. 975200
**Keil M. Mueller**, OSB No. 085535
**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: kdubanevich@stollberne.com
        kmueller@stollberne.com

*Counsel for Public Employees' Retirement System of Mississippi*
*and Proposed Liaison Counsel for the Class*

**Daniel L. Berger**, *to be admitted pro hac vice*
**Caitlin M. Moyna**, *to be admitted pro hac vice*
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
Email: dberger@gelaw.com
        cmoyna@gelaw.com

*Counsel for Public Employees' Retirement System of Mississippi*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| PAMELA T. CANNATARO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTLAND GENERAL ELECTRIC COMPANY, MARIA POPE, and JAMES F. LOBDELL,<br><br>        Defendants. | Case No. 3:20-cv-01583-SI<br><br>**CLASS ACTION**<br><br>**MOTION FOR CONSOLIDATION AND OF APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL, AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, Individually, and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>PORTLAND GENERAL ELECTRIC COMPANY, MARIA POPE, and JAMES F. LOBDELL,<br><br>            Defendants. | Case No. 3:20-cv-01786-SI<br><br>**CLASS ACTION** |

**PLEASE TAKE NOTICE** that on a date and at a time to be designated by the Court, Public Employees' Retirement System of Mississippi ("Mississippi PERS") respectfully will and does move this Court for an order: (i) consolidating the two above-captioned actions; (ii) appointing Mississippi PERS as Lead Plaintiff; and (iii) approving its selection of Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne") as Liaison Counsel.  As Mississippi PERS is unaware of what other class members will move to be appointed lead plaintiff, Mississippi PERS cannot confer pursuant to LR 7-1 of the Local Rules of Civil Procedure of the United States District Court for the District of Oregon.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on the grounds that: (1) the above-captioned actions should be consolidated for all purposes; (2) Mississippi PERS should be appointed Lead Plaintiff for a proposed class (the "Class") of all persons or entities who purchased or otherwise acquired securities of Portland General Electric Company ("PGE" or the "Company") during the

period from February 13, 2020 to August 24, 2020, inclusive (the "Class Period"), as Mississippi

PERS timely made this Motion, has the largest financial interest in the relief sought by the class,

and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23; and (3) Movant's

selection of G&E as Lead Counsel and Stoll Berne as Liaison Counsel should be approved as the

firms are skilled and qualified with extensive experience in such securities cases.

In support hereof, Mississippi PERS submits this incorporated memorandum of points and

authorities, the Declaration of Keil Mueller and its exhibits, and the pleadings.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mississippi PERS respectfully submits this memorandum in support of its motion for an

Order: (1) consolidating the two above-captioned actions; (2) appointing Mississippi PERS as

Lead Plaintiff for the Class; and (3) appointing G&E as Lead Counsel and Stoll Berne as Liaison

Counsel for the Class.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On September 3, 2020, the first of three related securities class actions was filed against

PGE and two other Defendants.  *Hessel v. Portland Gen. Elec. Co.*, No. 3:20-cv-01523-SI, ECF

No. 1 (D. Or. Sept. 3, 2020) ("*Hessel* Complaint" or "*Hessel* Compl.").  The *Hessel* Complaint

asserts claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated

thereunder, against PGE, its President and Chief Executive Officer Maria Pope ("Pope"), and its

Chief Financial Officer James F. Lobdell ("Lobdell") (together, "Defendants") on behalf of a

proposed class.  *Hessel* Compl., ¶¶ 1, 7, 12-14, 41-55.  That same day, pursuant to the PSLRA, 15

U.S.C. § 78u-4(a)(3)(A)(i), an early notice was published advising members of the purported

plaintiff class of the pendency of the action and the deadline for class members to move to be appointed as lead plaintiff.  Declaration of Keil Mueller ("Mueller Decl."), Ex. D.

On September 11, 2020, a substantially similar class action complaint was filed by a separate plaintiff.  *Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-cv-01583-SI, ECF No. 1 (D. Or. Sept. 11, 2020) ("*Cannataro* Complaint" or "*Cannataro* Compl.").  Though the PSLRA requires only the plaintiff that filed the *first* of several complaints that assert substantially the same securities claims to file a notice, 15 U.S.C. § 78u-4(a)(3)(B)(ii), the law firm that filed the *Cannataro* Complaint also published a notice advising Class members of the existing lead plaintiff motion deadline.  Mueller Decl., Ex. E.

On October 16, 2020, Mississippi PERS filed a third class action complaint against Defendants.  *Pub. Emps.' Ret. Sys. of Miss. v. Portland Gen. Elec. Co.*, No. 3:20-cv-01786-SI, ECF No. 1 (D. Or. Oct. 16, 2020) ("*Mississippi PERS* Complaint" or "*Mississippi PERS* Compl.").  Mississippi PERS also published a notice advising Class members of the filing of the *Mississippi PERS* Complaint, the pendency of the *Hessel* and *Cannataro* actions, and the existing deadline to move for appointment as lead plaintiff.  Mueller Decl., Ex. F.

On October 29, 2020, the *Hessel* plaintiff voluntarily dismissed all claims without prejudice.  *Hessel*, ECF No 8.

All three of the filed complaints allege that Defendants made material misstatements and/or omitted material information, in violation of the Exchange Act and Rule 10b-5, concerning, *inter alia*, PGE's trading activity in wholesale electricity markets and internal control and disclosure controls and procedures.  *Mississippi PERS* Compl., ¶ 28; *Hessel* Compl., ¶ 19; *Cannataro* Compl., ¶ 25.

Mississippi PERS alleged a class period of February 13, 2020 to August 24, 2020, inclusive (the "Class Period").  *Mississippi PERS* Compl., ¶ 16.  Both the *Hessel* and the *Cannataro* complaints alleged a class period of April 24, 2020 to August 24, 2020, inclusive (the "Shorter Class Period").  *Hessel* Compl., ¶ 1; *Cannataro* Compl., ¶ 1.  The longer Class Period alleged by Mississippi PERS, which made considerable investments during both the Class Period and the Shorter Class Period and suffered substantial losses thereon, reflected a careful analysis of the claims in the *Hessel* and the *Cannataro* complaints and of Defendants' earlier public statements concerning the subject matter of those complaints.  As shown in the following section, Defendants made material misstatements and omissions *throughout* the Class Period, and the longer Class Period alleged by Mississippi PERS serves the proposed Class better than the Shorter Class Period.

## II.    CLAIMS ASSERTED

PGE is an Oregon company with its principal executive offices in Portland, Oregon.  Its common stock trades on the New York Stock Exchange ("NYSE") under the symbol "POR." *Mississippi PERS* Compl. ¶ 11.  PGE is an electric utility that produces, acquires, and distributes electricity to over 900,000 customers throughout Oregon.  *Mississippi PERS* Compl. ¶ 1.  After the market closed on August 24, 2020, PGE disclosed that it was taking a $128 million loss in connection with its proprietary trading unit, which investors did not even know existed, as a result of bets it had taken in the energy trading market.  *Id.*

Throughout the Class Period, PGE filed reports with the SEC and issued press releases that misrepresented the Company's energy trading activities and omitted to disclose material facts about the Company's internal controls over its trading practices and the risks and exposure arising from those practices. *Hessel* Compl. ¶ 21-31; *Mississippi PERS* Compl. ¶ 28.

On February 13, 2020, the first day of the Class Period, PGE filed with the SEC its annual report on Form 10-K for the 2019 fiscal year (the "2019 10-K"). *Mississippi PERS* Compl. ¶ 16. The 2019 10-K repeatedly stated that PGE traded in the wholesale electricity marketplace for retail purposes only. *Mississippi PERS* Compl. ¶¶ 18-19. Defendant Lobdell signed the 2019 10-K, and both Lobdell and Pope certified the 2019 10-K pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"). *Id.* ¶ 16. The 2019 10-K said that "PGE participates in the wholesale electricity marketplace in order to balance its supply of power to meet the needs of its retail customers," that "PGE does not engage in trading activities for non-retail purposes," and that the Company used a variety of instruments to commodity price risk. *Id*. ¶ 18. The 2019 10-K further assured investors that "PGE's Wholesale revenues are primarily short-term electricity sales to utilities and power marketers that consist of single performance obligations." *Id.* ¶ 17.

Furthermore, the 2019 10-K stated that Defendants Lobdell and Pope had evaluated the Company's disclosure controls and procedures, as well as its internal control over financial reporting, and concluded that they were effective. *Id.* ¶ 19.

Defendants made numerous other statements during the Class Period that denied and/or omitted the fact that PGE was engaging in increasingly substantial proprietary trading activity without sufficient protection from commodity price risk, as it was forced to disclose at the end of the Class Period.

On April 24, 2020, PGE filed its quarterly report on Form 10-Q with the SEC for the quarter ending on March 31, 2020 (the "1Q20 Report"), which contained statements materially equivalent to false and misleading statements in the 2019 10-K regarding the Company's energy trading activities. *Mississippi PERS* Compl. ¶¶ 20-21; *see also Hessel* Compl. ¶ 17; *Cannataro* Compl. ¶¶ 17-19. The 1Q20 Report also assured investors that Defendants Pope and Lobdell had evaluated

the Company's disclosure controls and procedures and concluded that they were effective. *Mississippi PERS* Compl. ¶ 22.  That same day, PGE issued a press release that addressed the impact of the COVID-19 pandemic on its downwardly-adjusted earnings guidance, but made no mention of any proprietary wholesale energy trading activity. *Mississippi PERS* Compl. ¶ 23; *see also Hessel* Compl. ¶ 17-18l *Cannataro* Compl. ¶ 20.

On July 31, 2020, PGE filed its quarterly report on Form 10-Q for the quarter ending on June 30, 2020 (the "2Q20 Report"), which Defendant Lobdell signed and which Defendants Pope and Lobdell certified pursuant to SOX.  *Mississippi PERS* Compl. ¶¶ 23-26; *see also Hessel* Compl. ¶ 18; *Cannataro* Compl. ¶ 21-23.  In the 2Q20 Report and a press release issued that same day, PGE reaffirmed its previously given earnings guidance and omitted to disclose its substantial trading activity in the wholesale energy markets.  *Mississippi PERS* Compl. ¶ 27; *see also Hessel* Compl. ¶ 18; *Cannataro* Compl. ¶ 24.  Like the 2019 10-K and the 1Q20 Report, the 2Q20 Report stated that PGE "participates in the wholesale electricity marketplace in order to balance its supply of power to meet the needs of its retail customers" and "d[id] not engage in trading activities for non-retail purposes." *Mississippi PERS* Compl. ¶ 25. The 2Q20 Report also stated that Defendants Pope and Lobdell had evaluated the Company's disclosure controls and procedures and found that they were effective.  *Mississippi PERS* Compl. ¶ 26.

Throughout the Class Period, Defendants failed to disclose to investors that: (1) PGE had entered into substantial trades in the wholesale energy markets, with increasing volumes in 2020; (2) PGE lacked effective internal controls over its energy trading practices; (3) PGE downplayed the risks it faced in commodity price exposure; and (4) the Company's trading in the wholesale energy markets created significant negative exposure for PGE and was reasonably likely to incur significant losses.  *Mississippi PERS* Compl. ¶ 28.

After the market closed on August 24, 2020, PGE announced: (1) that it had entered into a number of energy trades during 2020, with increasing volume accumulating in the second and third quarters, a previously-undisclosed proprietary trading unit; (2) that this energy trading had resulted in losses of $127 million;[1] and (3) that PGE had placed two individuals on administrative leave and that its Board had formed a Special Committee to investigate, with the assistance of external advisors, the Company's energy trading practices and associated internal controls. *Mississippi PERS* Compl. ¶ 29. In an email to employees that same day, Defendant Pope characterized these energy trades as "ill conceived." *Id.*

In response to this news, PGE's stock price fell by $3.51, or nearly 8%, on unusually heavy volume as a direct result of the announcement. *Mississippi PERS* Compl. ¶¶ 30-31; *see also Hessel* Compl. ¶ 22; *Cannataro* Compl. ¶ 27. This wiped out of over $300 million in shareholder value. *Mississippi PERS* Compl. ¶ 31.

As a result of Defendants' wrongful acts and false statements and omissions, Mississippi PERS and other Class members that acquired PGE stock at artificially-inflated prices have suffered significant losses.

## ARGUMENT

### III.    THE ACTIONS SHOULD BE CONSOLIDATED

The *Cannataro* and *Mississippi PERS* actions should be consolidated pursuant to the PSLRA because they are all class actions that "assert[] substantially the same claim or claims arising under [the Exchange Act]." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Both cases allege the same

---

[1]    After the Class Period, on September 2, 2020, PGE issued a press release confirming that total third quarter losses arising from the wholesale energy trades was $128 million. *Mississippi PERS* Compl. ¶ 32.

causes of action against the same defendants arising from the same theories of liability.  Though the *Mississippi PERS* complaint enlarges by approximately two months the class period alleged in the *Cannataro* complaint (and the withdrawn *Hessel* complaint), "the[] difference[] is not so great as to affect the consolidation analysis."  *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398 at *7 (D. Or. Oct. 3, 2014) (consolidating five securities class actions that alleged "somewhat different class periods").

## IV.    MISSISSIPPI PERS SHOULD BE APPOINTED LEAD PLAINTIFF

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA provides that there is a "rebuttable presumption" that the "most adequate plaintiff" is the one that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

"The most capable plaintiff is generally the one who has the greatest financial stake in the outcome of the case, provided that plaintiff meets the requirements of Rule 23."  *Deering,* 2014 WL 4954398 at *8 (citing *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)).  Mississippi PERS respectfully submits that it should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class and because it "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id.* at *9 (citing *In re Cavanaugh*, 306 F.3d at 729-30).

Mississippi PERS suffered a substantial loss of $2,358,473 in connection with its purchases of PGE stock during the Class Period.  *See* Mueller Decl., Ex. B (charts setting forth Mississippi PERS's loss).

Mississippi PERS also satisfies the typicality and adequacy requirements of Rule 23 because its claims are typical of those of the Class, and because Mississippi PERS will fairly and adequately represent the interests of the Class.  Mississippi PERS is precisely the kind of institutional investor that Congress envisioned would lead securities class actions such as this one, and it has retained counsel with substantial experience prosecuting such cases.  Mississippi PERS is the "most adequate plaintiff" and therefore should be appointed Lead Plaintiff.

### A.  MISSISSIPPI PERS TIMELY SOUGHT APPOINTMENT AS LEAD PLAINTIFF

Mississippi PERS has satisfied the first prong for determining the "most adequate plaintiff" by timely filing the instant motion.  The first PSLRA notice was published on September 3, 2020, *see* Mueller Decl., Ex. D.  This triggered the sixty-day period for Class members to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(ii).  As a result, such motions were due on or before November 2, 2020—the date of this filing.

### B.  MISSISSIPPI PERS HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS

"District courts have generally equated financial interest with actual economic losses suffered."  *Deering*, 2014 WL 4954398 at *8 (citing *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014)); *see also Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *3 (S.D. Cal. Sept. 6, 2018).  In addition, many district courts in the Ninth Circuit apply the "*Lax-Olsten* test," under which courts consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased

during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *See, e.g., Melucci v. Corcept Therapeutics Inc.*, 2019 WL 4933611, at *3 (N.D Cal. Oct. 7, 2019) (citing *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, 2016 WL 10646304, at *2 (C.D. Cal. July 20, 2016), and discussing *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, F. Supp. 2d 286, 295 (E.D.N.Y. 1998)); *see also Youakim v. Isilon Sys., Inc.*, 2008 WL 11343655, at *2 (W.D. Wash. Feb. 4, 2008) (citations omitted).

Applying the *Lax-Olsten* factors, Mississippi PERS's financial interest in the relief sought by the Class is as follows:[2]

| Shares Purchased During Class Period | Net Shares Purchased During Class Period | Total Net Funds Expended During Class Period | Loss Suffered During Class Period |
|---|---|---|---|
| 204,354 | 199,261 | $9,771,372 | $2,358,473[3] |

To the best of its knowledge, Mississippi PERS's losses arising from its Class Period purchases of PGE common stock are greater than those of any other Class member seeking appointment as Lead Plaintiff.

The Court should evaluate the financial interest of Mississippi PERS and any other lead plaintiff movants by using the Class Period of February 13, 2020 to August 24, 2020 because it embraces more potential class members and should increase class damages. *Deering*, 2014 WL 4954398 at *10 (citations omitted). Indeed, "[c]ourts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest

---

[2]   *See* Mueller Decl,, Ex. B.

[3]   This loss is calculated on a last-in first out ("LIFO") basis.

financial interest in the relief sought by the class." *Id.* (collecting cases); *see also Hardy*, 2018 WL 4252345, at \*5 ("For the purposes of assessing which proposed lead plaintiff has the largest financial interest, the most sensible way to harmonize the different class periods is to adopt the longest class period."). Notably, in a press release reminding Class members of the deadline to move to be appointed lead plaintiff, the firm that filed the *Cannataro* Complaint referred to the Class Period as the period alleged by Mississippi PERS. *See* Mueller Decl., Ex. G. In light of that notice and the dismissal of the *Hessel* Complaint, it appears that all plaintiffs with pending causes of action agree that Class Period asserted by Mississippi PERS best serves the Class.[4]

### C. MISSISSIPPI PERS SATISFIES THE APPLICABLE REQUIREMENTS OF RULE 23

The PSLRA provides that the lead plaintiff movant with the largest financial interest in the litigation is presumptively the "most adequate plaintiff" if it "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In determining whether Rule 23's requirements are satisfied by a proposed lead plaintiff, courts focus on the Rule 23(a) requirements of typicality and adequacy. *Deering,* 2014 WL 4954398 at \*9 (citing *In re Cavanaugh*, 306 F.3d at 730).

### (a) Mississippi PERS's Claims Are Typical

Mississippi PERS satisfies the typicality requirement because it "purchased [PGE] stock at prices that were allegedly artificially inflated by [D]efendants' alleged misconduct." *Deering,*

---

[4]  Even under the Shorter Class Period of April 24, 2020 to August 24, 2020, Mississippi PERS's financial interest is, to the best of its knowledge, greater than any other movant. During the Shorter Class Period, Mississippi PERS: (1) purchased 61,235 shares of PGE common stock; (2) made a net purchase of 56,142 shares of PGE common stock; (3) expended $2,528,010 in total net funds on such purchases; and (4) incurred a substantial loss of $525,190 on a LIFO basis. *See* Mueller Decl., Ex. C (charts calculating Mississippi PERS's losses in Shorter Class Period).

2014 WL 4954398 at *9; *see also Brown v. Computerized Thermal Imaging, Inc.*, 2002 WL 31109563 at *2 (D. Or. Sept. 24, 2002); Mueller Decl., Ex. A (certification on behalf of Mississippi PERS and attached schedule setting forth Mississippi PERS's transactions in PGE common stock during the Class Period). Mississippi PERS's claims "are based on the same conduct as the claims of the" Class and it incurred "the same or similar injury," and thus its claims are typical of the Class. *Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *15 (D. Or. Dec. 31, 2019).

**(b)    Movant's Claims Are Adequate**

Mississippi PERS "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two factors are considered for the adequacy requirement: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Brown*, 2002 WL 31109563, at *2 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)). The answers to these questions clearly show that Mississippi PERS is an adequate class representative. Mississippi PERS has no conflict of interest with the proposed Class, as it suffered the same injury for the same conduct, and it will prosecute this action vigorously on behalf of the Class. *See* Mueller Decl., Exs. A (showing Mississippi PERS's purchases of PGE common stock during the Class Period) and B (showing Mississippi PERS's resulting losses). Moreover, Mississippi PERS "timely mov[ed] to be appointed as lead plaintiff, timely fil[ed] the requisite certifications, and select[ed] qualified lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class." *Deering*, 2014 WL 4954398, at *10. It thus is the presumptive most adequate plaintiff, and there are is no "proof" to rebut that presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Indeed, Mississippi PERS is precisely the sort of institutional investor that Congress sought to encourage to serve as a securities class action lead plaintiff. *In re Cavanaugh*, 306 F.3d at 738 (recognizing Congressional "goal of attracting institutional investors" to serve as lead plaintiffs in securities class actions). Mississippi PERS was established by legislation in 1952 to provide retirement benefits for employees of the State of Mississippi, and it now has over $28 billion in assets under management on behalf of its members, including retirees and beneficiaries. Mississippi PERS's long experience acting as a fiduciary for its members renders it exceptionally well qualified to serve as Lead Plaintiff on behalf of the proposed Class in this matter.

## V.   THE COURT SHOULD APPROVE MISSISSIPPI PERS'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re Cavanaugh,* 306 F.3d at 734 (PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff"). Mississippi PERS has selected counsel experienced in litigating securities fraud class actions with the resources necessary to prosecute this action and to obtain the best recovery possible for the class.

G&E is among the foremost securities class action law firms in the country and has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco Int'l Ltd. Sec. Litig.*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Se. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Se. Litig.*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re Gen. Motors Corp. Sec. Litig.*, M.D.L. No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc.,*

*Sec. Litig.*, M.D.L. No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp.*

*Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery).  *See* Mueller Decl., Ex.

H.  Most recently, G&E recovered $486 million for investors after twelve years of hard-fought

litigation with Pfizer, Inc.  *In re Pfizer, Inc. Securities Litigation*, No. 04-9866 (S.D.N.Y.).  *See*

Mueller Decl., Ex. H.  In addition, G&E is currently serving as lead or co-lead counsel in several

complex securities fraud class actions, including *Deka Inv. GmbH v. Santander Consumer USA*

*Holdings Inc.*, *et al.*, No. 15-2129-K (N.D. Tex.), in which a $47 million settlement recently

received preliminary court approval, *see id.*, ECF No. 253, and *In re Synchronoss Tech., Inc. Sec.*

*Litig.*, No. 17-2978-FLW (D.N.J.).

Thus, Mississippi PERS's choice of lead counsel should be approved.  *See Okla.*

*Firefighters Pension & Ret. Sys. v. Rayonier Advanced Materials Inc.*, No. 3:15-cv-546-J-32PDB,

2015 WL 4730383, at *2  (M.D. Fla. Aug. 10, 2015) ("the Court determines that Grant &

Eisenhofer P.A. has substantial experience in securities class actions, and therefore defers to [the

movant's] selection of the firms as lead counsel").

Because there is no "proof" that Mississippi PERS or its counsel will not fairly and

adequately represent the Class, or that Mississippi PERS is subject to "unique defenses," this Court

should appoint Mississippi PERS as Lead Plaintiff and approve its selection of G&E as Lead

Counsel and Stoll Berne as Liaison Counsel.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## CONCLUSION

For the foregoing reasons, Mississippi PERS respectfully requests that the Court: (1)

consolidate the two above-captioned actions for all purposes; (2) appoint Mississippi PERS as

Lead Plaintiff; and (3) approve Movant's selection of G&E to serve as Lead Counsel for the Class

and Stoll Berne to serve as Liaison Counsel.

Dated: November 2, 2020                    Respectfully submitted,


                                           **STOLL STOLL BERNE LOKTING &
                                           SHLACHTER P.C.**

                                           By: */s/ Keil Mueller*
                                               **Keith S. Dubanevich**, OSB No. 975200
                                               **Keil M. Mueller**, OSB No. 085535

                                           209 S.W. Oak Street, Suite 500
                                           Portland, OR 97204
                                           Telephone: (503) 227-1600
                                           Facsimile: (503) 227-6840
                                           Email: kdubanevich@stollberne.com
                                                   kmueller@stollberne.com

                                           *Counsel for Public Employees' Retirement
                                           System of Mississippi and Proposed Liaison
                                           Counsel for the Class*


                                           **Daniel L. Berger**, *to be admitted pro hac vice*
                                           **Caitlin M. Moyna**, *to be admitted pro hac vice*
                                           **GRANT & EISENHOFER P.A.**
                                           485 Lexington Avenue, 29th Floor
                                           New York, NY 10017
                                           Telephone: (646) 722-8500
                                           Facsimile: (646) 722-8501
                                           Email: dberger@gelaw.com
                                                   cmoyna@gelaw.com

                                           *Counsel for Public Employees' Retirement
                                           System of Mississippi and Proposed Lead
                                           Counsel for the Class*