UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

In re Portland General Electric Company Securities Litigation

Plaintiff(s),

v.

Defendant(s).

Case No.: 3:20-cv-01583-SI

MOTION FOR LEAVE TO APPEAR *PRO HAC VICE*

Attorney __Daniel L. Berger__ requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party (or parties):

Public Employees' Retirement System of Mississippi

In support of this application, I certify that: 1) I am an active member in good standing with the __New York__ State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

**(1)   PERSONAL DATA:**

Name: __Berger__      __Daniel__      __L.__
       *(Last Name)*   *(First Name)*   *(MI)*      *(Suffix)*

Agency/firm affiliation: Grant & Eisenhofer P.A.

Mailing address: 485 Lexington Avenue, 29th Floor

City: New York     State: NY     Zip: 10017

Phone number: (646) 722-8500     Fax number: (646) 722-8501

Business e-mail address: dberger@gelaw.com

**(2)**    **BAR ADMISSION INFORMATION**:

    **(a)**    State bar admission(s), date(s) of admission, and bar number(s):
Please see Attachment A

    **(b)**    Other federal court admission(s) and date(s) of admission:
Please see Attachment A

**(3)**    **CERTIFICATION OF DISCIPLINARY ACTIONS**:

☐   I am not now, nor have I ever been, subject to any disciplinary action by any state or federal bar association or subject to judicial sanctions.

☑   I am now or have been subject to disciplinary action by a state or federal bar association or subject to judicial sanctions. (Attach letter of explanation.)

**(4)**    **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**
Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**(5)**    **CM/ECF REGISTRATION:**
I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I consent to electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED: 02/04/2021

*/s/ Daniel J. Berger*
DANIEL J. BERGER

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, provide the following information about local counsel, and obtain the signature of local counsel.

Name: Dubanevich     Keith     D.
         (Last Name)     (First Name)     (MI)     (Suffix)

OSB number: 975200

Agency/firm affiliation: Stoll Stoll Berne Lokting & Shlachter, P.C.

Mailing address: 209 SW Oak Street, Suite 500

City: Portland     State: OR     Zip: 97204

Phone number: (503) 227-1600     Fax number: (503) 227-6840

Business e-mail address: kdubanevich@stollberne.com

**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number 3:20-cv-01582-SI.

DATED: 02/04/2021.

*(Signature of Local Counsel)*

## ATTACHMENT A

| COURT OF ADMISSION | YEAR ADMITTED |
|---|---|
| Southern District of New York | 1980 |
| Eastern District of New York | 1992 |
| Court of Appeals for the 1st Circuit | 2013 |
| Court of Appeals for the 2nd Circuit | 1983 |
| Court of Appeals for the 3rd Circuit | 2000 |
| Court of Appeals for the 5th Circuit | 1989 (inactive) |
| Court of Appeals for the 6th Circuit | 1999 |
| Court of Appeals for the 7th Circuit | 2001 |
| Court of Appeals for the 9th Circuit | 1991 |

ATTACHMENT B

On October 6, 2008, I received a Private and Confidential Letter Reprimand from the Departmental Disciplinary Committee of the Supreme Court of the State of New York, Appellate Division, First Judicial Department. I was found to have violated Local Civil Rule 83.53.3(a)(1) of the United States District Court for the Northern District of Illinois (the "Court"), which provides that a lawyer shall not make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false. I (and others) had represented a class of women employees of the Ford Motor Company asserting claims of discrimination under Title VII of the Civil Rights Act in an action brought in the Northern District of Illinois (*Warnell, et al. v. Ford Motor Company*). In 2000, in connection with a class-wide settlement of that action, my firm and co-counsel applied to the Court for an award of attorneys' fees to be paid from the settlement fund that was created as part of the settlement; however, we did not then inform the Court in connection with the settlement and fee application that we had contingent fee retainer agreements with our individual clients (who were the class representatives) and that we intended to collect additional attorneys' fees under those retainers from the recovery that those clients would receive in the settlement. The Referee appointed by the Disciplinary Committee to hear the matter determined that my failure to so inform the District Court rendered our fee application misleading. She recommended that I receive a sanction of a "Private Reprimand Without Referral to the Court" (i.e., the Appellate Division, First Department); the Hearing Panel of the Disciplinary Committee confirmed the findings of the Referee and her recommendation a for sanction.

Separate charges that had been brought against me by the Disciplinary Committee stemming from this conduct for violations of other Local Civil Rules of the Northern District of Illinois, specifically that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation [Local Rule 83.58.4(a)(4)], and that a lawyer shall not engage in conduct that is prejudicial to the administration of justice [Local Civil Rule 83.58.4 (a)(5) were not sustained by the Referee, or the Hearing Panel of the Disciplinary Committee.

Other than this, I have never been disbarred, suspended from practice, reprimanded, or the subject of any type of sanction pertaining to my conduct or fitness to practice law in any court, agency, department, bureau or commission of any state or the United States.

*[signature]*