**Keith S. Dubanevich**, OSB No. 975200
**Keil M. Mueller**, OSB No. 085535
**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
209 S.W. Oak Street, Suite 500
Portland, OR  97204
Email: kdubanevich@stollberne.com
          kmueller@stollberne.com
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

*Liaison Counsel for the putative class*

**Daniel L. Berger**, *admitted pro hac vice*
**Barbara Hart**, *admitted pro hac vice*
**Caitlin M. Moyna**, *admitted pro hac vice*
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone:     (646) 722 8500
Facsimile:     (646) 722 8501
Email: dberger@gelaw.com
          bhart@gelaw.com
          cmoyna@gelaw.com

*Lead Counsel for the putative class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE PORTLAND GENERAL ELECTRIC COMPANY SECURITIES LITIGATION | Case No. 3:20-cv-01583-SI <br><br> <u>CLASS ACTION</u> <br><br> ORAL ARGUMENT REQUESTED |

**MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, CERTIFICATION OF CLASS AND OF CLASS REPRESENTATIVE AND APPOINTMENT OF CLASS COUNSEL AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

## <u>CERTIFICATION OF COMPLIANCE WITH LR 7-1</u>

Defendants Portland General Electric Company, Maria Pope and James Lobdell ("Defendants") support Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and of Class Representative and Appointment of Class Counsel.  Defendants take no position on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses.

## <u>MOTION</u>

Pursuant to Fed. R. Civ. P. 23(e), Lead Plaintiff Mississippi Public Employees Retirement System ("PERS"), through its legal counsel, moves for (1) final approval of class action settlement and the Plan of Allocation, and Certification of Class and Class Representative and Appointment of Class Counsel (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ iv

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ................................ 3

III.  THE NOTICE SATISFIES DUE PROCESS STANDARDS AND HAS
      BEEN FULLY IMPLEMENTED .............................................................. 4

IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND
      ADEQUATE AND WARRANTS FINAL APPROVAL ............................. 6

      A.   THE NINTH CIRCUIT FAVORS SETTLEMENT OF COMPLEX CLASS ACTIONS ..... 6

      B.   STANDARD FOR FINAL APPROVAL OF SETTLEMENT OF A CLASS ACTION ....... 6

      C.   RULE 23 (E) (2) AND THE OVERLAPPING *HANLON* FACTORS
           CONFIRM THAT THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE ..... 7

           1.   The Strength of Lead Plaintiff's Case ............................................ 7

           2.   The Complexity, Expense and Likely Duration of the
                Litigation Support the Settlement .................................................. 9

           3.   The Risk of Maintaining Class Action Status Throughout Trial ........... 9

           4.   The Amount Offered in the Settlement Provides a Substantial
                Benefit to the Class ...................................................................... 10

           5.   The Extent of Discovery Completed and the Stage of Proceedings ....... 10

           6.   The Experience and Views of Counsel ............................................ 12

           7.   The Participation of a Government Participant ................................ 12

           8.   The Positive Reaction of the Class Members Supports the
                Proposed Settlement ..................................................................... 13

           9.   The Proposed Settlement Satisfies the Remaining 23(e)(2) Factors ...... 14

                a.   The Plaintiffs and Lead Counsel Have Adequately
                     Represented the Class ........................................................... 14

                b.   The Proposal was Negotiated at Arm's Length and There
                     Is No Evidence of Collusion .................................................. 14

                c.   Attorneys' Fees .................................................................... 15

                d.   The Proposed Method of Distribution Is Effective .................... 15

                e.   No Class Member Receives Preferential Treatment .................... 16

                f.   The Parties' Sole Supplemental Agreement Concerns Exclusions .... 16

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

V.  THE COURT SHOULD FINALLY CERTIFY THE SETTLEMENT CLASS ................... 17

VI. THE PLAN OF ALLOCATION IS FAIR AND REASONABLE ........................................ 17

VII. AWARD OF ATTORNEYS' FEES ....................................................................................... 18

    A.    LEAD PLAINTIFF'S COUNSEL IS ENTITLED TO A PORTION OF FEES
           FROM THE COMMON FUND……………………………………………… 18

    B.    THE REQUESTED FEE IS A PERCENTAGE OF THE COMMON FUND ................................. 19

    C.    THE REQUESTED FEE IS FAIR AND REASONABLE ........................................ 20

        1.    The Results Achieved Support the Requested Fee Award ................................. 20

        2.    The Award Sought Is Comparable to Similar Cases ........................................... 21

        3.    The Risks of  Continuing Litigation ................................................... 22

        4.    The Skill Required and the Quality of Representation ........................................ 22

        5.    The Contingent Nature of the Action .................................................... 23

        6.    Percentage Appears Reasonable in Light of Lodestar Cross Check .................... 23

VIII. THE REQUESTED EXPENSES ARE REASONABLE AND WERE
      NECESSARILY INCURRED TO ACHIEVE THE SETTLEMENT ................................ 25

IX. CONCLUSION .......................................................................................... 25

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Fischel v. Equitable Life Assurance Soc'y of the U.S.*,
  307 F.3d 997 (9th Cir.2002) ...................................................19

*AdTrader, Inc. v. Google LLC*,
  No. 17-CV-07082-BLF, 2020 WL 1921774 (N.D. Cal. Mar. 24, 2020), *appeal
  dismissed*, 7 F.4th 803 (9th Cir. 2021)...................................................19

*In re AOL Time Warner ERISA Litig.*,
  No. 02 CIV. 8853 SWK, 2006 WL 2789862 (S.D.N.Y. Sept. 27, 2006).................................8

*Azar v. Blount Int'l, Inc.*,
  No. 3:16-CV-0483-SI, 2019 WL 7372658 (D. Or. Dec. 31, 2019) ..........................5, 6, 15, 25

*Bell v. Consumer Cellular, Inc.*,
  No. 3:15-CV-941-SI, 2017 WL 2672073 (D. Or. June 21, 2017) ................................... *passim*

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015).................................................7, 20, 21

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir.2011) .................................................15, 20

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980).................................................19

*Carlin v. DairyAmerica, Inc.*,
  380 F. Supp. 3d 998 (E.D. Cal. 2019).................................................23

*Cheng Jiangchen v. Rentech, Inc.*,
  No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) .....................22

*Ciuffitelli v. Deloitte & Touche LLP*,
  No. 3:16-CV-00580-AC, 2019 WL 1441634 (D. Or. Mar. 19, 2019)....................18

*Ciuffitelli v. Deloitte & Touche LLP*,
  No. 3:16-CV-00580-AC, 2019 WL 6893018 (D. Or. Nov. 26, 2019)....................11

*Contreras v. Armstrong Flooring, Inc.*,
  No. CV 20-3087 PSG (SKX), 2021 WL 4352299 (C.D. Cal. July 6, 2021) ..........................9

*Destefano v. Zynga, Inc.*,
  No. 12-CV-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ...................23

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

*Dubeau v. Sterling Sav. Bank*,
No. 1:12-CV-01602-CL, 2013 WL 4591034 (D. Or. Aug. 28, 2013) ....................................6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
438 F. Supp. 1303 (C.D. Cal. 1977) ...................................................................................23

*In re Extreme Networks, Inc. Sec. Litig.*,
No. 15-CV-04883-BLF, 2019 WL 3290770 *(N.D. Cal. July 22, 2019)* ................................5

*In re Galena Biopharma, Inc. Deriv. Litig.*,
No. 3:14-CV-00382-SI, 2016 WL 10840600 (D. Or. June 24, 2016) ...........................14, 19

*Gustafson v. Valley Ins. Co.*,
*No.* CV 01-1575-BR, 2004 WL 2260605 (D. Or. Oct. 6, 2004) ...................................22, 23

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir.1998) ..................................................................................7, 14, 23

*Harger v. Dep't of Lab.*,
569 F.3d 898 (9th Cir. 2009) ..............................................................................................19

*Hefler v. Wells Fargo & Co.*,
No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) .......................9, 10,16

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)............................................................................................................24

*In re Hyundai and Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019) ................................................................................................6

*In re Illumina, Inc. Sec. Litig.*,
No.: 3:16-cv-3044-L-MSB, 2021 WL 1017295 (S.D. Cal. Mar. 17, 2021) ..........................20

*In re Illumina, Inc. Sec. Litig.*,
No. 3:16-CV-3044-L-MSB, 2019 WL 6894075 (S.D. Cal. Dec. 18, 2019)............................17

*In re Immune Response Sec. Litig.*,
*497 F. Supp. 2d 1166 (S.D. Cal. 2007)*................................................................................21

*Khoja v. Orexigen Therapeutics, Inc.*,
No. 15-CV-00540-JLS-AGS, 2021 WL 5632673 (S.D. Cal. Nov. 30, 2021) ..................21,23

*Lane v. Brown*,
166 F. Supp. 3d 1180 (D. Or. 2016) ...................................................................................13

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ............................................................................................4, 7

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

*In re LendingClub Sec. Litig.*,
   No. C 16-02627 WHA, 2018 WL 4586669 (N.D. Cal. Sept. 24, 2018)................................25

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ..............................................................................................11

*In re Magma Design Automation, Inc. Sec. Litig.*,
   No. C 05-02394 CRB, 2009 WL 10696109 (N.D. Cal. Mar. 27, 2009)...............................17

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   No. 2:10-CV-00302 MRP, 2013 WL 6577020 (C.D. Cal. Dec. 5, 2013) ..............................12

*Mark v. Valley Ins. Co.*,
   No. CV 01-1575-BR, 2005 WL 1334374 (D. Or. May 31, 2005).........................................16

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ..........................................................................................10, 11

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950)................................................................................................................4

*Ochinero v. Ladera Lending, Inc.*,
   2021 WL 4460334 (C.D. Cal. July 19, 2021) ......................................................................24

*Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of S.F.*,
   688 F.2d 615 (9th Cir. 1982) .............................................................................................6, 7

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...........................................................9, 17, 18, 25

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015) .................................................................................................6

*Pincay Invs. Co. v. Covad Comm'ns Grp.*,
   90 Fed. Appx. 510, 2004 WL 326392 (9th Cir. 2004)..........................................................21

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
   No. 3:15-MD-2633-SI, 2019 WL 3410382 .........................................................................18

*Ramirez v. Benito Valley Farms, LLC*,
   No. 16-CV-04708-LHK, 2017 WL 3670794 (N.D. Cal. Aug. 25, 2017)...............................11

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .................................................................................................9

*Smith v. Kaiser Found. Hosps., Inc.*,
   No. 08-CV-2353-LAB (JMA), 2010 WL 11508780 (S.D. Cal. Feb. 4, 2010).......................12

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

*In Re Snap Inc. Sec. Litig.*,
No. 2:17-CV-03679-SVW, 2021 WL 667590 (C.D. Cal. Feb. 18, 2021) .............................19

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .................................................................................................18

*Tadepalli v. Uber Techs., Inc.*,
No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ...............................11

*Vataj v. Johnson*,
No. 19-CV-06996-HSG, 2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) .................7, 12 ,22, 24

*Vizcaino v. Microsoft*,
290 F.3d 1043 (9th Cir. 2002) ...............................................................................................20

*In re Vocera Commc'ns, Inc., Sec. Litig.*,
No. 3:13-CV-03567 EMC, 2016 WL 8201593 (N.D. Cal. July 29, 2016)............................22

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
229 F. Supp. 3d 1052 (N.D. Cal. 2017) ...................................................................................6

*In re Wells Fargo & Co. S'holder Derivative Litig.*,
445 F. Supp. 3d 508 (N.D. Cal. 2020), aff'd, 845 F. App'x 563 (9th Cir. 2021)....................21

*Zepeda v. PayPal, Inc.*,
No. C 10-1668....................................................................................................................12

*Zografos v. Qwest Commc'ns Co., LLC*,
No. 6:00-CV-06201-AA, 2013 WL 3766561 (D. Or. July 11, 2013)....................................19

## Statutes

28 U.S.C. § 1715 (b) ......................................................................................................................13

## Other Authorities

David F. Herr, *Manual for Complex Litigation* §21.312 (4th ed. 2019).........................................4

Fed. R. Civ. P. 23 ................................................................................................... *passim*

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "PERS") respectfully submits this memorandum of law in support of its unopposed (1) Motion for Final Approval of Class Action Settlement and the Plan of Allocation, and Certification of Class and Class Representative and Appointment of Class Counsel, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees.

## I.    PRELIMINARY STATEMENT

After a challenging litigation, Lead Plaintiff has agreed to settle with Defendants for a cash payment of $6.75 million to compensate investors of Portland General Electric Company ("PGE") and finally resolve all claims in this Action. The proposed Settlement is an excellent result for the class of investors who suffered economic damages in connection with the allegedly false and misleading statements and omissions issued by PGE and certain of its directors and officers during the Class Period.  On August 10, 2021, the Court issued an Order Preliminarily Approving Class Action Settlement and Approving the Form and Manner of Notice ("Preliminary Approval Order") (ECF No. 46).  After the Court issued its Preliminary Approval Order, the Settlement Administrator disseminated Class Notice under a robust, multi-pronged Notice Plan, including direct mail notice by U.S. mail, Publication Notice, and the creation of a settlement website.

The Settlement comes after a demanding litigation, which involved investigating claims and hiring an expert to assist in interpreting PGE's public filings, drafting a consolidated complaint, opposing Defendants' motion to dismiss and mediating the claims with the help of an experienced mediator.  As a result of these efforts, Lead Plaintiff has a thorough understanding of the relative strengths and weaknesses of its case and the propriety of the proposed Settlement Agreement.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Lead Plaintiff believes in the strength of the Class's claims; Defendants, however, have consistently denied liability. During the Parties' settlement negotiations, Lead Counsel made clear that Lead Plaintiff would proceed with the litigation, rather than settle for an amount that was not fair to the Class. The arm's-length negotiations resulted in a fair settlement and favorable result for the Class.

Lead Counsel is highly experienced in prosecuting securities class actions, and believes that the Settlement is in the Class's best interest. Indeed, it is an excellent result based on an analysis of all the relevant factors, including: (1) the substantial risk, expense, and uncertainty in continuing the litigation, including the risk that the Court would grant Defendants' motion to dismiss the Complaint or decline to certify the Class, and the likely motions for summary judgment, trial, post-trial motions, and appeals; (2) the relative strengths and weaknesses of the claims and defenses asserted; (3) past experience in litigating complex actions similar to this one; (4) the novelty of the issues raised in this litigation; and (5) the serious disputes among the parties concerning the merits and damages. The Settlement is also supported by Lead Plaintiff, an institutional investor of precisely the type Congress sought to have in the position of lead plaintiff to make strategic decisions, including settlement, in securities class actions.

The reaction of the proposed Class so far also supports the Settlement and Plan of Allocation. Pursuant to the Preliminary Approval Order (ECF No.46), the Notice was disseminated through means specifically designed to reach PGE investors. Those means included a dedicated settlement website, nationwide press releases, and the issuance of the Notice via mail to persons identified through Defendants' data and the Settlement Administrator's reasonable efforts. To date, there has not been a single objection to the Settlement, and only two Class Members have submitted a request for exclusion.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Lead Plaintiff also requests that the Court approve the Plan of Allocation, which was set forth in the Notice sent to Class Members. The Plan of Allocation governs how claims will be calculated and how the Settlement proceeds will be distributed among Claimants. It was prepared in consultation with Lead Plaintiff's Expert, Frank Torchio, who has over thirty years of experience calculating damages in securities class actions. The Plan of Allocation provides for calculation of investors' "Recognized Loss Amounts" for those who purchased or otherwise acquired PGE common stock during the Class Period.

Lead Counsel also respectfully applies for an award of attorneys' fees on behalf of all Plaintiffs' Counsel in the amount of 25% the Settlement Amount (after deduction of expenses) (i.e., $1,665,802.85) and litigation expenses of $86,788.59, plus interest on both amounts. This fee request is supported by Lead Plaintiff and is exactly in line with the benchmark for fees awarded in class actions in this Circuit. It is also reasonable when viewed in light of the result achieved.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

The terms of the Settlement are contained in the Stipulation of Settlement and are attached as Exhibit A of Lead Plaintiff's Motion for preliminary approval (ECF No. 45-1). To avoid repetition, Lead Plaintiff respectfully refers the Court to the accompanying Declaration of Daniel L. Berger in Support of Lead Plaintiff's (1) Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and of Class Representative and Appointment of Class Counsel; and (2) Motion for Award of Attorneys' Fees and Expenses ("Berger Decl."), for a full discussion of: (i) the factual background and procedural history of the Action; (ii) the efforts of Lead Counsel in prosecuting the claims in this Action; (iii) the negotiations resulting in this Settlement; (iv) the reasons why the Settlement and the Plan of

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Allocation are fair and reasonable and should be approved; and (v) the reasons why the Court should approve Lead Counsel's application for an award of attorneys' fees and expenses.

## III.    THE NOTICE SATISFIES DUE PROCESS STANDARDS AND HAS BEEN FULLY IMPLEMENTED

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.'" David F. Herr, *Manual for Complex Litigation* §21.312, at 293 (4th ed. 2019).  Members of a proposed class action must be provided with notice of the existence and substance of the litigation and settlement through "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23(e)(1).  Notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 314 (1950).  Notice provided pursuant to Rule 23(e) must also "generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation omitted).

In accordance with the Court's Notice Order, starting on August 24, 2021, the Claims Administrator caused the Notice and Proof of Claim to be publicized to potential class members through means reasonably likely to apprise them of the litigation and settlement.  Detailed information regarding the Settlement, including copies of the Notice and Proof of Claim were also posted on a website dedicated to the Settlement. *See* Declaration of Joseph Mahan in Support of Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation ("Mahan Decl." at ¶7).

The Notice, which has been continuously available on the settlement website since August 24, 2021, contains a description of the claims asserted, the Settlement, the Plan of Allocation, and Class Members' rights to participate in and object to the Settlement or the requested fees and expenses, or to exclude themselves from the Class.  Mahan Decl. at ¶¶7,10-11. In addition, the Summary Notice was published in *Investor's Business Daily* and released via *PRNewswire* on August 30, 2021.  Mahan Decl. at ¶6.  The notice program provided all the information required by the PSLRA and is adequate to meet requirements of due process and Rules 23(c)(2) and (e) for providing notice to the Class.  Indeed, notice programs like this one have been approved in many class action settlements. *See, e.g.*, *Azar v. Blount Int'l, Inc.*, No. 3:16-CV-0483-SI, 2019 WL 7372658, at *3 (D. Or. Dec. 31, 2019) (finding the notice requirements of Rule 23, due process and the PSLRA satisfied where the Notice was mailed to Class Members; the Notice, Proof of Claim, Stipulation, and Preliminary Approval Order were posted on a dedicated settlement website, and the Summary Notice was published in Investor's Business Daily and on PR Newswire);  *In re Extreme Networks, Inc. Sec. Litig.,* No. 15-CV-04883-BLF, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) (Same)*; Figueroa v. Cap. One*, N.A., No. 18CV692 JM(BGS), 2021 WL 211551, at *5 (S.D. Cal. Jan. 21, 2021) (finding notice adequate where the notice was sent to class members through email, U.S. Mail and a more detailed notice was posted on the settlement website).

## IV.    THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND WARRANTS FINAL APPROVAL

### A.    THE NINTH CIRCUIT FAVORS SETTLEMENT OF COMPLEX CLASS ACTIONS

In the Ninth Circuit, "there is a well-established judicial policy that favors voluntary settlements, particularly where complex class action litigation is concerned." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015). *See also Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982*)* ("voluntary conciliation and settlement are the preferred means of dispute resolution").  This policy will be well served by approval of the Settlement of this complex securities class action that, absent resolution, would consume years of additional time of this Court.

### B.    STANDARD FOR FINAL APPROVAL OF SETTLEMENT OF A CLASS ACTION

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the settlement of class claims. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).  To approve a class action settlement, the Court must find that the settlement reached, taken as a whole is fair, reasonable and adequate.  *Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *1; *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1064 (N.D. Cal. 2017) (noting that courts may only approve a class action settlement "after a hearing and on finding that it is fair, reasonable, and adequate").  When settlement occurs prior to class certification, the Court must also ensure that the settlement is free from collusion.  *Dubeau v. Sterling Sav. Bank*, No. 1:12-CV-01602-CL, 2013 WL 4591034, at *2 (D. Or. Aug. 28, 2013).

### C.    RULE 23 (E) (2) AND THE OVERLAPPING *HANLON* FACTORS CONFIRM THAT THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

When evaluating a proposed settlement under Fed. R. Civ. P. 23 (e) (2), courts in this Circuit also consider eight overlapping *Hanlon* factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026–27 (9th Cir.1998).   *See also Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Just.*, 688 F.2d at 625.   Consideration of both the *Hanlon* factors and the additional factors proscribed by Rule 23 weighs heavily in favor of the final approval of settlement in this Action.

### 1.    The Strength of Lead Plaintiff's Case

This factor concerns "the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 254–55 (N.D. Cal. 2015) (citation omitted).   Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case.  *Vataj v. Johnson,* No. 19-CV-06996-HSG, 2021 WL 5161927, at *6 (N.D. Cal. Nov. 5, 2021).

Proceeding with this litigation would no doubt be risky. This is especially true given the challenges that Lead Plaintiff faced in overcoming the motion to dismiss. Although Lead Plaintiff and its counsel believe that the claims asserted in the Action against Defendants are

7

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

meritorious, continued litigation was risky.  In particular, Lead Plaintiff faced difficulties in surviving Defendants' motion to dismiss, which argued that Lead Plaintiff's claim arising under Section 10(b) failed because it did not allege (a) an actionable false statement or omission, (b) scienter, and (c) loss causation.  (ECF No. 36).  Losing on any of these arguments at the motion to dismiss phase would have resulted in Lead Plaintiff losing all or a substantial portion of its claims. The Settlement was reached only after Lead Counsel investigated and drafted the Complaint and arduously opposed Defendants' motion to dismiss.  (ECF No. 41).  Counsel spent considerable time on this action for the benefit of PGE investors including: conducting a thorough investigation with the help of a paid, private investigator; engaging the services of a paid expert experienced in accounting for energy companies, who assisted with interpreting PGE's public filings; opposing Defendants' motion to dismiss; retaining a damages expert to help assess the total potential classwide damages in the action, and participating in a day long mediation session with Defendants' counsel.

Even if its claims had survived the motion to dismiss, Lead Plaintiff would face significant hurdles associated with engagement in lengthy and challenging discovery, and would likely have faced additional challenges at the summary judgment phase.  Even if those hurdles were surpassed, Lead Plaintiff would have faced a complex trial with issues that are likely to be unfamiliar to the fact-finders, and potential appeals following any favorable judgment, processes which would no doubt take years to resolve.  The Court should thus consider that the Settlement provides for payment to the Class now – without incurring any additional costs, rather than a speculative payment years down the road.  *See In re AOL Time Warner ERISA Litig.,* No. 02 CIV. 8853 SWK, 2006 WL 2789862, at *9 (S.D.N.Y. Sept. 27, 2006). As such, this factor supports approval of the settlement.

8

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

### 2. The Complexity, Expense and Likely Duration of the Litigation Support the Settlement

This factor considers the likely expense and time of continued litigation.  A settlement is favored when continuing the litigation would result in further delay, extensive motion practice, and significant expense. *See Contreras v. Armstrong Flooring, Inc.*, No. CV 20-3087 PSG (SKX), 2021 WL 4352299, at *5 (C.D. Cal. July 6, 2021) ("Because the Settlement Agreement eliminates the delay, costs, and uncertainty that further litigation would create, this factor supports approval").  Complex securities fraud actions such as this typically take several years to complete fact discovery, and even longer to complete expert discovery, summary judgment and Daubert motions.  That is why securities fraud cases are recognized as "notably difficult and notoriously uncertain." *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *13 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc,* 802 F. App'x 285 (9th Cir. 2020)*.*  This factor also supports Lead Plaintiff's request for final approval of the Settlement.

### 3. The Risk of Maintaining Class Action Status Throughout Trial

At the time of the Settlement, Lead Plaintiff had not yet moved for class certification. There is some risk, although Lead Plaintiff believes it is minimal, that the Court could have denied class certification.  Moreover, even if the class were certified, there always remains a risk under Rule 23 that the class could be decertified, a fact which, on balance, supports approval of the settlement*. Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class").

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

Given the possibility that the Court could have denied a motion for class certification and that the class could be decertified even after formal certification, this factor also favors approval of the Settlement.

### 4.    The Amount Offered in the Settlement Provides a Substantial Benefit to the Class

To evaluate the adequacy of the settlement amount, "'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Hefler,* 2018 WL 6619983, at *8 quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). The Settlement provides for a Settlement Fund of $6,750,000 in cash, which will be used to provide compensation to class members who submit a valid Proof of Claim form on a pro rata basis.

This amount is an excellent recovery for the Class, especially in light the risks of continued litigation and trial. The Court judges the benefit of the present Settlement in the context of the risk that no recovery or a lesser recovery might be achieved after trial and likely appeals, most likely years into the future. Thus, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Lead Plaintiff has determined that the $6.75 million Settlement represents a substantial recovery for the Class given the total estimated damages. *See* Berger Decl. ¶ 48.

### 5.    The Extent of Discovery Completed and the Stage of Proceedings

This factor requires that the Court to determine whether "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1239 (9th Cir. 1998). Here, although the case settled in the early stages of litigation, approval of the settlement is not precluded. *See In re Mego Fin. Corp. Sec. Litig.*, 213

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

F.3d at 459; *Ramirez v. Benito Valley Farms, LLC*, No. 16-CV-04708-LHK, 2017 WL 3670794, at *5 (N.D. Cal. Aug. 25, 2017) (finding that the extent of discovery weighed in favor of approval although the case settled during the early stages of the litigation process*); Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2019 WL 6893018, at *5 (D. Or. Nov. 26, 2019) (same).   Further, the exchange of formal discovery is not required to establish that the parties possess sufficient information to enter into a settlement.   In fact, courts in this Circuit have found this factor to be satisfied even when plaintiffs settle prior a decision on the motion to dismiss. *See e.g., Tadepalli v. Uber Techs., Inc., No. 15-CV-04348-MEJ, 2016 WL 1622881, at *7* (N.D. Cal. Apr. 25, 2016) (settlement approved prior to discovery). "In the context of class action settlements, 'formal discovery is not a necessary ticket to the bargaining table' where the parties have sufficient information to make an informed decision about settlement."   *Tadepalli* 2016 WL 1622881, at *7 (N.D. Cal. Apr. 25, 2016) quoting *Linney*, 151 F.3d at 1239.

Here, although Lead Plaintiff agreed to settle prior to the Court's decision on the Motion to Dismiss and did not engage in formal discovery with Defendants, sufficient  information was exchanged during the course of negotiations, during the mediation session, and in the parties mediation statements, as well as during the process of drafting the Complaint and defending against the Motion to Dismiss, for Lead Plaintiff to ascertain the relative strengths of the merits and weaknesses of its case, and to make an informed judgment regarding the likelihood of Lead Plaintiff's success on the merits. Courts in this Circuit have found this level of exchange of information to allow for a fair settlement in several other cases where formal discovery was not exchanged. *See e.g., Zepeda v. PayPal, Inc*., No. C 10-1668 SBA, 2017 WL 1113293, at *14 (N.D. Cal. Mar. 24, 2017) (holding that because the parties informally exchanged information in preparation for mediation, and exchanged briefs, that the lack of formal discovery between the

parties did not weigh against approval of the settlement); *Smith v. Kaiser Found. Hosps., Inc.,* No. 08-CV-2353-LAB (JMA), 2010 WL 11508780, at *8 (S.D. Cal. Feb. 4, 2010) (same); *Vataj v. Johnson,* 2021 WL 5161927, at *7 (same).

### 6.    The Experience and Views of Counsel

Lead Counsel has extensive experience in prosecuting securities class actions across the country and is among the nation's leading securities class action litigation firms.  Accordingly, their judgment that the Settlement is fair, adequate and in the best interest of the Class should be given considerable weight.  *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302 MRP, 2013 WL 6577020, at *15 (C.D. Cal. Dec. 5, 2013)(quoting *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y.1997) ("Counsel 'are most closely acquainted with the facts of the underlying litigation' and are therefore in an ideal position to assess the fairness of the settlement offer").  *See also Bell v. Consumer Cellular, Inc.*, No. 3:15-CV-941-SI, 2017 WL 2672073, at *6 (D. Or. June 21, 2017) (quoting *DIRECTV, Inc.*, 221 F.R.D. at 528). ("'[g]reat weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation").  Thus, Lead Counsel's recommendation in this Action that the Settlement is fair reasonable and adequate strongly favors approval of the settlement.

### 7.    The Participation of a Government Participant

On July 26, 2021, pursuant to the notice provisions of the federal Class Action Fairness Act of 2005 (CAFA), the defendants directed notice of the Settlement to the Attorney General of the United States and 56 other officials, including the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories.  *See* 28 U.S.C. § 1715 (b); Fiereck Decl. ¶7 (ECF No. 48). The Notice was also sent by United Parcel Service ("UPS") to three other

officials, including the Oregon Public Utility Commission, the Securities and Exchange Commission, and the Attorney General of the United States. *Id.* Neither Lead Counsel nor the Settlement Administrator has received any inquiries from any federal or state official in response to the CAFA notice.

### 8. The Positive Reaction of the Class Members Supports the Proposed Settlement

A positive reaction from class members supports final approval of a settlement. "The absence of a significant number of objectors weighs in favor of finding the settlement to be fair, reasonable and adequate." *Lane v. Brown*, 166 F. Supp. 3d 1180, 1191 (D. Or. 2016).

Lead Plaintiff, together with Claims Administrator Epiq Systems, Inc., have provided Notice to the Settlement Class as directed in the Preliminary Approval Order. The Notice informed potential class members of the terms of the Settlement, as well as the basis for the application for attorney's fees and the reimbursement of expenses, and it also advised Settlement Class Members of their right to object or to seek exclusion from the Class. Mahan Decl. ¶¶7,10-11. More than 67,000 Claims Packages were mailed to potential class members by the Claims Administrator. Mahan Decl. ¶5. The Claims Administrator has also maintained a tollfree telephone system and website to inform potential Class Member of the Settlement since August 24, 2021. Mahan Decl. ¶¶7,9. Lead Plaintiff's reply papers will address any objections or additional exclusions that may be received after the date of this filing.

As of the date of this motion, no member of the settlement class has objected to the Settlement, and the Claims Administrator has only received two opt out requests. Mahan Decl. ¶11. This demonstrates an overwhelmingly positive reaction from the Class to the proposed settlement and the absence of any objections strongly favors approval of the settlement. *In re Galena Biopharma, Inc. Derivative Litig.*, No. 3:14-CV-00382-SI, 2016 WL 10840600, at

13

*3 (D. Or. June 24, 2016) ("Galena's stockholders received adequate notice and no stockholder objected to the Settlement. This weighs heavily in favor of final approval.")

### 9.    The Proposed Settlement Satisfies the Remaining 23(e)(2) Factors

#### (a)    The Plaintiffs and Lead Counsel Have Adequately Represented the Class

Lead Plaintiff and Lead Counsel have adequately represented the Class in connection with both the litigation and the Settlement.  Lead Plaintiff's claims are typical of and coextensive with those of the Class, and they have no interests that are antagonistic to other class members. *See Hanlon*, 150 F.3d at 1020.  Lead Plaintiff played a very active role throughout the litigation, stepping forward to represent the proposed Class, reviewing, and participating directly in negotiations during mediation.  *See* Declaration of Ta'Shia S. Gordon ("Gordon Decl.") ¶¶ 6-8.

Lead Counsel diligently represented the Class throughout the course of this litigation. This case was complex and hard-fought.  Lead Counsel, who are highly experienced in litigating securities class action cases, have spent considerable time and effort litigating this case, including consulting with experts on damages and the energy industry, drafting the Complaint, hiring a private investigator, and opposing Defendants' Motion to Dismiss. As a result of their efforts, the negotiated Settlement provides considerable monetary and equitable relief to each of the Settlement Class members. *See* Gordon Decl. ¶¶ 12-13.  By any measure, Lead Counsel's efforts constitute more than adequate representation of the Class.

#### (b)    The Proposal was Negotiated at Arm's Length and There Is No Evidence of Collusion

"Courts considering a pre-class certification settlement must examine whether the settlement was the result of good faith, arm's-length negotiations or the result of fraud and collusion."  *Bell*, 2017 WL 2672073, at *7.  The signs of collusion are (1) class counsel receives

a disproportionate distribution of the settlement, or when the class receives no monetary distribution but counsel is amply awarded; (2) the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds without objection by a defendant; or (3) the parties arrange for payments not awarded to revert to a defendant rather than to be added to the class fund. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.2011). None of these factors are present in this case. Furthermore, Lead Counsel reached an agreement to settle this Action only after they engaged in arduous day long mediation session overseen by David Murphy of Phillips ADR—an independent mediator. Berger Decl. ¶¶5, 22. The presence of a mediator during the negotiations confirms the arm's length nature of these negotiations. *Azar v. Blount Int'l, Inc.,* WL 7372658, at *9. This factor therefore weighs in favor of final approval.

### (c)    Attorneys' Fees

Rule 23(e)(2)(C)(iii) concerns the proposed award of attorneys' fees. Lead Counsel seeks an award of attorneys' fees of $1,665,802.85 which represents 25% of the net Settlement Amount after deduction of expenses, and an award of expenses of $86,788.59, plus interest on both amounts. This amount comports with the established benchmark award set for common fund cases in the Ninth Circuit. *Mark v. Valley Ins. Co.,* No. CV 01-1575-BR, 2005 WL 1334374, at *1 (D. Or. May 31, 2005).

### (d)    The Proposed Method of Distribution Is Effective

Lead Counsel, in consultation with an expert, devised a plan of allocation that will fairly distribute the Net Settlement Fund to Authorized Claimants. *See* Rule 23(e)(2)(C)(ii); Berger Decl., ¶¶26-28. As explained more fully below, in §VI., the Plan of Allocation provides a fair method of distribution to class members.

**(e)    No Class Member Receives Preferential Treatment**

As explained more fully in §VI, the Plan of Allocation provides specific formulas for calculating the recognized claim of each class member, based on each class members' purchases or acquisitions of PGE stock and when and if they were sold.  (ECF No. 45-1). Lead Plaintiff, like all other class members, will have its recognized losses calculated in the exact same manner, and its *pro rata* distribution will be calculated in the same manner as all other class members; *i.e.*, according to the amount of their Recognized Loss.  This factor therefore weighs strongly in favor of approval of the Settlement.

**(f)    The Parties' Sole Supplemental Agreement Concerns Exclusions**

Rule 23(e)(2)(C)(iv) requires the disclosure of any other agreement made in connection with the proposed Settlement.  As disclosed in the Stipulation (¶7.3), the Settling Parties have entered into a standard Supplemental Agreement that provides that if the number of Settlement Class members who purchased or otherwise acquired PGE common stock who exclude themselves from the Class equals or exceeds a certain amount, PGE has the right to terminate the Settlement.  Such confidential side agreements are standard; they do not preclude final approval of settlements.  *Hefler*, WL 4207245, at *11  ("The existence of a termination option triggered by the number of class members who opt out of the Settlement does not by itself render the Settlement unfair."); *In re Illumina, Inc. Sec. Litig.*, No. 3:16-CV-3044-L-MSB, 2019 WL 6894075, at *9 (S.D. Cal. Dec. 18, 2019) (finding that the existence of a confidential supplemental agreement between the parties providing the  right to terminate the settlement if the opt-out threshold was exceeded did not weigh against final approval).  The parties have no additional side agreements, so this factor weighs in favor of approval.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

## V.    THE COURT SHOULD FINALLY CERTIFY THE SETTLEMENT CLASS

Lead Plaintiff also requests that the Court finally certify the Settlement Class. In the Court's Preliminary Approval Order provisionally certifying the settlement class, this Court found that the proposed class met each of the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.  (ECF No. 46).  Likewise, the Court found that the Class met each of the Rule 23(b)(3) requirements that questions of law and fact common to the members of the Class predominate over any "questions affecting any individual Class Member," and that a class action is superior to other available methods of fairly and efficiently adjudicating this controversy.  *Id*.  Lead Plaintiff respectfully submits that nothing has changed since the Court made these findings, and that they remain correct.

## VI.    THE PLAN OF ALLOCATION IS FAIR AND REASONABLE

Approval of a plan of allocation is "governed by the same standard of the settlement as a whole" and must found be fair, reasonable and adequate.  *In re Magma Design Automation, Inc. Sec. Litig.,* No. C 05-02394 CRB, 2009 WL 10696109, at *3 (N.D. Cal. Mar. 27, 2009); *see also In re Omnivision Techs.*, 559 F. Supp. 2d at 1045.

The Plan of Allocation here was determined with the assistance of Lead Plaintiff's expert, Frank Torchio, of Forensic Economics, who has more than 30 years of experience in assisting with securities damages calculations and plan of allocation development.   Mr. Torchio determined the amount by which PGE's common stock was inflated during the Class Period. This is used to calculate the "recognized gains" and "recognized losses" for each Authorized Claimant's purchases during the Class Period.  *See* Plan of Allocation, ECF No. 45-1 at 70-77. The Recognized Claim for each Authorized Claimant is the difference between its recognized losses and recognized gains.  *Id.* at 72.   Under the plan, The Proposed Settlement will be

allocated to Authorized Claimants on a *pro rata* basis in accordance with the relative sizes of their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants. *Id.*

Lead Plaintiff submits that the Plan of Allocation is fair and reasonable and should be approved together with the Settlement at the Settlement Hearing. Similar plans of allocation repeatedly have been approved by courts in this Circuit. *See Ciuffitelli v. Deloitte & Touche LLP,* No. 3:16-CV-00580-AC, 2019 WL 1441634, at *17(D. Or. Mar. 19, 2019)*, report and recommendation adopted,* No. 3:16-CV-00580-AC, 2019 WL 2288432 (D. Or. May 29, 2019*); In re Premera Blue Cross Customer Data Sec. Breach Litig*., No. 3:15-MD-2633-SI, 2019 WL 3410382, at *22; *In re Omnivision Techs., Inc*., 559 F. Supp. 2d at 1036.

## VII.   AWARD OF ATTORNEYS' FEES

In undertaking this litigation on a fully contingent bases, Lead Counsel faced serious challenges in establishing liability and damages that posed a serious risk that the class may not recover at all. As such, Lead Counsel respectfully requests an award of 25% of the net Settlement Fund, which is the established benchmark award for attorneys' fees in common fund cases in the Ninth Circuit. *See Staton v. Boeing Co.,* 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *see also Bell,* WL 2672073, at *9.

### A.   LEAD PLAINTIFF'S COUNSEL IS ENTITLED TO A PORTION OF FEES FROM THE COMMON FUND

The Supreme Court and the Ninth Circuit have long recognized that "a lawyer who recovers a common fund for a person other than himself is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also*

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

*Harger v. Dep't of Lab.*, 569 F.3d 898, 903 (9th Cir. 2009); *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 1921774, at *2 (N.D. Cal. Mar. 24, 2020), *appeal dismissed*, 7 F.4th 803 (9th Cir. 2021).

> **B.    THE REQUESTED FEE IS A PERCENTAGE OF THE COMMON FUND**

When a settlement results in a common fund, courts in this Circuit have discretion to employ either a percentage-of-recovery method or the traditional lodestar method to determine attorneys' fees.  *In Re Snap Inc. Sec. Litig.*, No. 2:17-CV-03679-SVW, 2021 WL 667590, at *2 (C.D. Cal. Feb. 18, 2021).  "Under the percentage-of-the-fund method, the district court may award plaintiffs' attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee." *In re Galena Biopharma, Inc. Sec. Litig.*, 2016 WL 3457165, at *5. Under either method, "[r]easonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002).

However, Courts in this circuit have favored the percentage of recovery method in common fund cases, "in lieu of the often more time consuming task of calculating the lode star when the 'benefit to the class is easily quantified.'" *Zografos v. Qwest Commc'ns Co., LLC*, No. 6:00-CV-06201-AA, 2013 WL 3766561, at *2 (D. Or. July 11, 2013) quoting *In Re Bluetooth*, 654 F.3d at 942.  *See also Bellinghausen*, 306 F.R.D. at  260 (employing the percentage of the fund method because the case involved "a common settlement fund with an easily quantifiable benefit to the class").

Here, the benefit to the Class is easily quantified since the settlement consists only of a monetary award.  As discussed below, the requested 25% fee is reasonable considering the circumstances of this case and falls squarely within the "well established benchmark" for

19

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

common fund cases in this Circuit. "When applying the percentage-of-the-fund method, an attorneys' fee award of 'twenty-five percent is the "benchmark" that district courts should award.'" *In re Illumina, Inc. Sec. Litig.*, No.: 3:16-cv-3044-L-MSB, 2021 WL 1017295, at *6 (S.D. Cal. Mar. 17, 2021) (citation omitted).

### C.    THE REQUESTED FEE IS FAIR AND REASONABLE

Courts in the Ninth Circuit reviewing requests for attorney fee awards consider the following factors when reviewing a proposed fee: (1) the results achieved; (2) awards made in similar cases; (3) the risk of litigation; (4) the skill required and the quality of the work; (5) the contingent nature of the fee and the financial burden carried by the plaintiffs; (6) the reaction of the class to the proposed fee and expense request; and (7) whether the percentage appears reasonable in light of a lodestar cross-check. *Vizcaino v. Microsoft*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). An evaluation of these factors under either lodestar or percentage of recovery method, confirms that Lead Counsel's requested fee  25% of the net settlement fund is fair and reasonable and should be approved.

#### 1.    The Results Achieved Support the Requested Fee Award

"The most critical factor in granting attorney's fees is the overall result and benefit to the class." *Bell,* WL 2672073, at *10. Lead Counsel has achieved an excellent recovery for the Class in this Action in the amount of $6.75 million, which is excellent when compared to the total potential damages in this action.  Berger Decl. ¶48. *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 522 (N.D. Cal. 2020), aff'd, 845 F. App'x 563 (9th Cir. 2021). Moreover, no class member has objected to the settlement amount.   Therefore, the result achieved by Lead Counsel clearly supports the requested fees and costs.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

## 2.    The Award Sought Is Comparable to Similar Cases

In evaluating the reasonableness of a fee application, courts frequently consider fee awards in similar cases. *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d at 525.  The requested fee percentage of 25% of the net settlement fund is comparable and arguably lower than fee awards made in similar cases.  *See e.g.*, *Pincay Invs. Co. v. Covad Comm'ns Grp.*, 90 Fed. Appx. 510, 2004 WL 326392 (9th Cir. 2004) (affirming award of 25% of settlement fund); *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1176 (S.D. Cal. 2007) (discussing securities class action settlements and noting "a proposed fee of 25% is consistent, if not below, the average award in similar complex actions"); *Khoja,* WL 5632673, at *9 ("attorneys' fee awards from settlements involving a common fund, as this Settlement involves, frequently exceed the 25 percent benchmark"); *Bellinghausen*, 306 F.R.D. at 260 (("Indeed, 'federal courts have consistently approved of attorney fee awards over the 25% benchmark[,]' specifically at a rate of "30% or higher") quoting *In re Heritage Bond Litig.,* No. 02–ML–1475 DT, 2005 WL 1594403, at *18 n. 12 (C.D. Cal. June 10, 2005)).

### 3.    The Risks of Continuing Litigation

"The risk of costly litigation and trial is an important factor in determining the fee award." *Bell*, WL 2672073, at \*10. In undertaking this difficult and costly litigation on a fully contingent basis, Lead Counsel faced numerous challenges to establishing liability including Defendants' defenses on the falsity of their statements, scienter, loss causation, and damages. Continuing this litigation would have therefore raised serious risks of no recovery, or of a recovery significantly less than $6.75 million. This risk is particularly acute given the complex nature of securities class actions.

Courts in this Circuit have repeatedly held that the presence of the risk that continuing litigation will result in no recovery for the class supports an award for attorneys' fees. *See Vataj v. Johnson*, 2021 WL 5161927 at \*9; *In re Vocera Commc'ns, Inc., Sec. Litig.*, No. 3:13-CV-03567 EMC, 2016 WL 8201593, at \*2 (N.D. Cal. July 29, 2016); *Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2019 WL 5173771, at \*9 (C.D. Cal. Oct. 10, 2019).   As such, this factor weighs heavily in favor of granting Lead Counsel's fee request.

### 4.    The Skill Required and the Quality of Representation

The skill of legal counsel and quality of the work also support the requested fee award. See *Gustafson v. Valley Ins. Co., No*. CV 01-1575-BR, 2004 WL 2260605, at \*2 (D. Or. Oct. 6, 2004) (considering "high quality" of work by both the plaintiffs' and defendants' counsel).  Lead Counsel include leading law firms, nationally known for their work in securities class actions. Berger Decl. ¶50. Lead Counsel also collectively devoted nearly 924.6 hours as of the date of this motion to investigating, strategizing, researching and drafting the Complaint and their response to the Defendants' motion to dismiss.  Berger Decl. ¶66.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES

The quality of opposing counsel is also important in evaluating the quality of the services rendered. See *Gustafson*, 2004 WL 2260605, at *2; *In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (recognizing that "plaintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly."). Here, Defendants were represented by Skadden, Arps, Slate, Meagher & Flom LLP—one of the most prominent defense firms in the country—who vigorously defended Defendants in this action. Berger Decl. ¶62.

### 5. The Contingent Nature of the Action

The fact that Lead Counsel took this case on a contingency bases also supports the requested award for attorneys' fees and expenses. *Khoja v. Orexigen Therapeutics, Inc.,* No. 15-CV-00540-JLS-AGS, 2021 WL 5632673, at *9 (S.D. Cal. Nov. 30, 2021) (discussing the fact that contingent nature of the action supported the Court's determination to grant counsel's request for fees and expenses); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1021 (E.D. Cal. 2019) (same); *Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *18 (N.D. Cal. Feb. 11, 2016) (finding that the fact that Lead Counsel had significant experience in securities class actions and took the case on a contingent basis supported approval of Lead Counsel's fee request).

In complex securities class actions such as this one, there is no guarantee counsel will recovery any fees at all. This case was no exception, given the challenges Lead Counsel faced in establishing liability.

### 6. Percentage Appears Reasonable in Light of Lodestar Cross Check

Courts also perform a lodestar analysis to determine if the fee request is reasonable. This begins with the multiplication of the number of hours spent litigating the case by the rates

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

charged for each attorney. *Hanlon*, 150 F.3d at 1029. The court also examines the number of hours spent and determines whether they are reasonable, excluding any hours found to be excessive or redundant. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Lead Counsel and Liaison Counsel collectively have spent 985.55 hours prosecuting this Action. Berger Decl., ¶43. At Lead Counsel's standard rates, Grant & Eisenhofer's lodestar for its 924.6 hours is $590,856. Liaison Counsel expended 60.95 hours and its lodestar is $33,159.25. *See* Declaration of Keith S. Dubanevich ("Dubanevich Decl.") ¶¶3-5. Lead Counsel and Liaison Counsel's collective lodestar is $624,015.25.

The hourly rates charged for attorney and paralegal time range from $215 per hour to $1000 per hour. These hourly rates are in line with the current prevailing rates in Oregon. *See* Dubanevich Decl. ¶17. In addition, the hours spent were reasonable. Berger Decl. ¶63. Given that Lead Counsel's adversary in this action is Skadden Arps, one of the nation's pre-eminent law firms specializing in securities fraud litigation, it was necessary to devote significant hours to ensure that the legal work generated matched the high quality of Skadden's. Berger Decl. ¶51. However, time was only spent as was reasonably necessary to provide high quality work in educating the attorneys on the facts and industry, drafting pleadings and briefs, overseeing experts and investigators, and reporting updates to clients. Berger Decl. ¶¶63,66. The case was leanly staffed, particularly given how complex it is, and efforts were made to avoid repetition or duplication of work. Berger Decl. ¶¶60,63.

In contrast, the requested fee amount of $1,687,500 represents a lodestar multiplier of 2.7. This is amount is in line with awards given in other securities fraud class actions. *Vataj v. Johnson*, 2021 WL 5161927, at *9 (noting that lodestar multipliers up to 4x are approved); *Ochinero v.*

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

*Ladera Lending, Inc.*, 2021 WL 4460334, at *8 (C.D. Cal. July 19, 2021) (noting that lodestar multipliers of 1.5 to 3.0 are "most common").

## VIII.   THE REQUESTED EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE SETTLEMENT

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Lead Counsel have incurred $86,788.59 in unreimbursed litigation expenses, including costs advanced in connection with experts, legal research, copying and mailing, notice administration, mediation fess and other customary litigation expenses.  Berger Decl. ¶¶69-75.  The expenses are described in more detail in Exhibit A to the Berger Declaration and in Exhibt 2 the Dubanevich Declaration, ¶8.

The expenses incurred in this action were reasonable and necessary for prosecuting this case and should be recoverable.  *See, e.g., In re LendingClub Sec. Litig.*, No. C 16-02627 WHA, 2018 WL 4586669, at *3 (N.D. Cal. Sept. 24, 2018) (expenses such as expert fees, court fees, legal research fees, and copying expenses were reasonable and recoverable; *Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *13 (same).

## IX.    CONCLUSION

For all the foregoing reasons, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and Plan of Allocation as fair, reasonable, and adequate, confirm certification of the Class, and award attorneys' fees of $1,665,802.85 (i.e., 25% of the Settlement Amount after deduction of counsel's expenses) and expenses of $86,788.59, plus interest on both amounts.

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

Dated: January 14, 2022

Respectfully submitted,

**STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.**

  _/s/ Keith S. Dubanevich_
Keith Dubanevich, OSB 975200
Keil Mueller, OSB No. 085535
209 SW Oak Street, Suite 500
Portland, OR  92304
Telephone: (503) 227-1600
Portland, OR 97204
kdubanevich@stollberne.com
kmueller@stollberne.com

*Liaison Counsel for Lead Plaintiff and the Putative Class*

**GRANT & EISENHOFER P.A.**
Daniel L. Berger (admitted pro hac vice)
Barbara Hart (admitted pro hac vice)
Caitlin M. Moyna (admitted pro hac vice)
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile:  (646) 722-8501
dberger@gelaw.com
bhart@gelaw.com
cmoyna@gelaw.com

*Counsel for Lead Plaintiff and Lead Counsel for the Putative Class*

MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S (1) MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; (2) MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES