**Keith S. Dubanevich**, OSB No. 975200
**Keil M. Mueller**, OSB No. 085535
**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
209 S.W. Oak Street, Suite 500
Portland, OR  97204
Email:  kdubanevich@stollberne.com
       kmueller@stollberne.com
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

*Liaison Counsel for the putative class*

**Daniel L. Berger**, *admitted pro hac vice*
**Barbara Hart**, *admitted pro hac vice*
**Caitlin M. Moyna**, *admitted pro hac vice*
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone:    (646) 722 8500
Facsimile:    (646) 722 8501
Email:  dberger@gelaw.com
       bhart@gelaw.com
       cmoyna@gelaw.com

*Lead Counsel for the putative class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN RE: PORTLAND GENERAL ELECTRIC COMPANY SECURITIES LITIGATION | Case No. 3:20-cv-01583-SI<br><br>**CLASS ACTION**<br><br>REQUEST FOR ORAL ARGUMENT |

**LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, CERTIFICATION OF CLASS AND OF CLASS REPRESENTATIVE AND APPOINTMENT OF CLASS COUNSEL, AND (2) LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff" or "PERS") respectfully submits this memorandum of law in support of its unopposed motion for (1) final approval of class action settlement and the Plan of Allocation, and Certification of Class and Class Representative and Appointment of Class Counsel and (2) Lead Counsel's Motion for an Award of Attorneys' Fees.[1]

## I.    PRELIMINARY STATEMENT

As set forth in Lead Plaintiff's Opening Brief,[2] the proposed Settlement in this Action is a superior recovery for the Settlement Class. The proposed Settlement of $6.75 million represents an immediate and certain recovery in line with other securities class action settlements in the Ninth Circuit. The Settlement is also noteworthy in light of the risks and difficulties of the Action. Lead Plaintiff and Lead Counsel secured this recovery even though Defendants' challenges to the Complaint remained outstanding. The parties reached the proposed Settlement only after Lead Counsel's substantial efforts, and following an extensive arm's-length negotiations overseen by an experienced mediator.

Since Lead Plaintiff filed the Opening Brief, the deadline for objections and requests for exclusion has passed. No Settlement Class Member has objected to any aspect of the Settlement

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation of Settlement (ECF No. 45-1), or in the Declaration of Daniel L. Berger in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and of Class Representative and Appointment of Class Counsel; and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses ("Berger Declaration") (ECF No. 53).

[2] Lead Plaintiff's "Opening Brief" refers to the Memorandum of Law in Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, Certification of Class and of Class Representation and Appointment of Class Counsel, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses. (ECF No. 50).

1 - LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY

and only two requests for exclusion have been received. This overwhelmingly positive reaction is a significant factor in evaluating a proposed settlement.

Accordingly, Lead Plaintiff and Lead Counsel respectfully request that the Court grant final approval of the Settlement and the Plan of Allocation as fair, reasonable and adequate, certify the class and class representative and lead counsel, and approve the attorneys' fee and expense requests.

## II.    ARGUMENT

### A.    THE POSITIVE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE FEE AND EXPENSE REQUESTS

On August 10, 2021, this Court entered its order preliminarily approving the settlement. ECF No. 46. Since then, 67,037 copies of the notice have been mailed to investors in Portland General Electric securities, and there have been no objections to any aspect of the Proposed Settlement, Plan of Allocation or the request for an award of attorneys' fees and expenses. *See* Supplemental Declaration of Joseph Mahan concurrently filed herewith, at ¶¶ 7-8. Courts in the Ninth Circuit and nationwide have long recognized that a positive reaction from the settlement class weighs in favor of final approval. *Acosta v. Patenaude & Felix*, No. 19-CV-954-CAB-BGS, 2020 WL 5423875, at *5 (S.D. Cal. Sept. 10, 2020) (absence of objections was a factor that favored final approval of settlement); *Nat'l Rural Telecomms. Coop. v. Direct TV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement ... are favorable to class members."); *In re NetSol Techs., Inc. Sec. Litig.*, No. CV 14-5787 PA (PJWX), 2016 WL 7496724, at *9 (C.D. Cal. July 1, 2016) ("The overall positive reaction of Class Members to the settlement is strong evidence that the settlement is fundamentally fair and reasonable"); *Arnett v. Bank of Am., N.A.*, No. 3:11-CV-

2 - LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY

1372-SI, 2014 WL 4672458, at *10 (D. Or. Sept. 18, 2014) ("The extremely positive reaction of the Settlement Class further demonstrates that the Settlement Agreement is fair and reasonable"). Accordingly, the absence of a single objection to the Settlement and only two requests for exclusion reaffirms the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and the requests for attorneys' fees and expenses. *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *7 (N.D. Cal. Nov. 21, 2016) (finding that the absence of objections to the settlement weighed in favor of final of final approval); *In re Biolase, Inc. Sec. Litig.,* No. SACV131300JLSFFMX, 2015 WL 12720318, at *6 (C.D. Cal. Oct. 13, 2015) (same).

#### B. THE RECORD ESTABLISHES THAT THE PROPOSED SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE IN ALL RESPECTS

The lack of objections from the Settlement Class confirms the numerous reasons set forth in Lead Plaintiff's Opening Brief why the Settlement is fair, adequate, and reasonable to the Settlement Class.  As previously established, the Settlement meets the standards set by Rule 23(e)(2) of the Federal Rules of Civil Procedure and each of the *Hanlon* factors that the Ninth Circuit has instructed courts to consider in evaluating a class action settlement.  *See* Br. at 11-23 (applying Rule 23(e)(2) and the overlapping *Hanlon* factors).

Likewise, Lead Counsel's request for attorneys' fees of 25% of the Settlement Fund after deduction of expenses, and reimbursement of expenses, is also fair and reasonable.  An evaluation of the factors which courts in Ninth Circuit consider when awarding attorneys' fees, including, (1) the results achieved; (2) awards made in similar cases; (3) the risk of litigation; (4) the skill required and the quality of the work; (5) the contingent nature of the fee and the financial burden carried by the plaintiffs; (6) the reaction of the class to the proposed fee and expense request; and (7) whether the percentage appears reasonable in light of a lodestar cross-check, support the

3 - LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY

requested award here. *See* Opening Br. at 18-23 (applying the factors articulated in *Vizcaino v. Microsoft*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)). A review of awards in other complex class actions confirms that the fee sought by Lead Counsel is fair and reasonable. *See* Br. at 33. Lastly, the fee request is supported by a lodestar multiplier of 2.7, which is in line with other awards given in securities class actions in this Circuit. *Vataj v. Johnson*, 2021 WL 5161927, at *9 (noting that lodestar multipliers up to 4x are approved); *Ochinero v. Ladera Lending, Inc.*, 2021 WL 4460334, at *8 (C.D. Cal. July 19, 2021) (noting that lodestar multipliers of 1.5 to 3.0 are "most common").

### C.     LEAD PLAINTIFF COMPLETED THE NOTICE PROGRAM INFORMING SETTLEMENT CLASS MEMBERS OF THE PROPOSED SETTLEMENT

Pursuant to the Court's Notice Order, the Claims Administrator has mailed 67,037 Notice Packets to potential members of the Settlement Class and their nominees. *See* Ex. 1 at ¶ 4. Lead Plaintiff also published the Summary Notice in Investor's Business Daily and transmitted it over PRNewsWire. (ECF No. 52 at ¶ 6.) Copies of the Notice, Claim Form, Stipulation, and Notice Order were posted to the website established for the Action, www.portlandgeneralelectricsettlement.com which received 3,132 hits. *See id.* at ¶6. In addition, the Claims Administrator has maintained a toll-free telephone hotline throughout the process, which received 260 calls with inquiries concerning the Settlement. *See id.* at ¶5.

As discussed in the Opening Brief, the Notice set out the terms of the Settlement, the Plan of Allocation, and the attorneys' fee and expense reimbursement request. (Br. at 5-7; ECF No. 52 at ¶¶ 7,10-11.) The Notice also informed potential Class Members of, among other things, their right to opt-out or object to any aspect of the proposed Settlement, the Plan of Allocation, or Lead Counsel's fee and expense reimbursement request, and that the deadline for doing so was February 11, 2022. *See* Ex. 1 at ¶ 2.

III.    **CONCLUSION**

For the reasons set forth above, in Lead Plaintiff's Opening Brief, and on the entire record in this Action, the Settlement achieved here is a superior result for the Settlement Class. Accordingly, Lead Plaintiff respectfully requests that the Court approve the Settlement and Plan of Allocation as fair, reasonable and adequate, and confirm certification of the Class. For that purpose, Lead Plaintiff submits herewith the proposed Final Judgment, which was submitted as an exhibit to the parties' agreed-upon Stipulation. Lead Counsel also respectfully requests that the Court approve its request for an award of attorneys' fees of $1,665,802.8 (*i.e.* 25% of the Settlement Fund after deduction of expenses)—and reimbursement of litigation expenses in the amount of $86,788.59, plus interest on both amounts. Lead Counsel respectfully submits herewith a proposed order regarding attorneys' fees and expenses.

DATED this 25th day of February, 2022.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: s/ Keith S. Dubanevich
    **Keith S. Dubanevich,** OSB No. 975200
    **Keil M. Mueller**, OSB No. 085535
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email: kdubanevich@stollberne.com
        kmueller@stollberne.com

*Liaison Counsel for the putative class*

and

**GRANT & EISENHOFER P.A.**
Daniel L. Berger (admitted pro hac vice)
Barbara Hart (admitted pro hac vice)
Caitlin M. Moyna (admitted pro hac vice)
485 Lexington Avenue
New York, NY 10017

Telephone: (646) 722-8500
Facsimile:  (646) 722-8501
Email:  dberger@gelaw.com
        bhart@gelaw.com
        cmoyna@gelaw.com

*Lead Counsel for the putative class*

6 - LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY