# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re PORTLAND GENERAL ELECTRIIC SECURITIES LITIGATION** | Case No. 3:20-cv-1583-SI (Lead)<br>Case No. 3:20-cv-1786-SI (Consolidated)<br><br>**JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order Providing for Notice and Certifying Class (Preliminary Approval Order) dated August 10, 2021, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated July 10, 2021 (Settlement Agreement or Stipulation). Due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had in this Action and otherwise being fully informed in the reasons and good cause therefor,

**IT IS HEREBY ORDERED AND ADJUDGED** that:

1.     This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all the terms used here shall have the same meanings as those defined in the Settlement Agreement, unless otherwise noted.

PAGE 1 – JUDGMENT

2. This Court has jurisdiction over the subject matter of this Action and over all Settling Parties to the Action, including all members of the class, defined as the Settlement Class.

3. The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class.

4. The Settlement Class consists of all persons or entities who, directly or through an intermediary, purchased or otherwise acquired common stock of Portland General Electric (PGE) at any time during the period of February 13, 2020 through August 24, 2020, inclusive.

5. Excluded from the Settlement Class are: (i) Defendants; (ii) the present or former executive officers or members of the Board of Directors of PGE and their immediate family members (as defined in C.F.R. §229.404 (Instructions (1)(a)(iii), substituting "PGE" for "the registrant")); (iii) any entity in which any Defendant has, or had during the Class Period, a controlling interest; and (iv) any affiliate of PGE. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Public Employees' Retirement System of Mississippi (PERS or Lead Plaintiff) as Class Representative for the Class and appoints Lead Counsel as Class Counsel for the Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that

the Settlement Agreement and the Settlement are fair, reasonable, and adequate as to the Settling Parties and the Class, the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.     Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions of this Judgment. The Court hereby dismisses the Action as to Defendants, and all of the Settlement Class's Released Claims with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Settlement Agreement and in this Judgment.

9.     Upon the Effective Date, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective executors, administrators, successors, predecessors, and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Settlement Class's Released Claims (or to obtain the proceeds of any recovery therefrom), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Lead Plaintiff or Settlement Class Member executes and delivers a Proof of Claim and Release or shares in the Settlement Fund. Upon the Effective Date, Lead Plaintiff and the Settlement Class Members shall be permanently barred and enjoined from commencing, instituting, prosecuting, maintaining or enforcing any and all of the Settlement Class's Released Claims (including, without limitation, any Unknown Claims) against any and all of the Released Defendant Parties in any court of law or equity, arbitration, tribunal or administrative forum wheresoever in the world.

10. Upon the Effective Date, each of the Defendants, on behalf of themselves and their respective executors, administrators, successors, predecessors, and assigns, and any other person or entity who has the right, ability, standing or capacity to assert, prosecute, or maintain on behalf of any Defendant any of the Defendants' Released Claims (or to obtain the proceeds of any recovery therefrom), in such capacity only, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of Defendants' Released Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Defendants' Released Claims against any and all of the Released Plaintiff Parties.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on August 10, 2021, was the best notice practicable to all Persons entitled to such notice, of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement. Said notice includes the individual notice to all members of the Class who could be identified through reasonable effort, and otherwise fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory

waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

12. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorney's fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Action of any wrongdoing, fault, or liability of Defendants or their Related Parties, or that Lead Plaintiff or any Settlement Class Members have suffered damages, harm or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Action as a class action for any other purpose than the settlement; or (c) is or may be deemed to be or may be used as an admission, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal anywhere in the world; or (d) shall be construed against any of the Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents that amount which could be or would have been recovered after trial; ***provided, however***, that the Settling Parties and the Released Parties and their respective counsel may refer to the Settlement Agreement to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement Agreement. The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in

order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court hereby enters a bar order consistent with the PSLRA, 15 U.S.C. § 78u–4(f)(7).

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

16. The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection with it shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached to it to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment and (b) do not materially limit the rights of Settlement Class

Members in connection with the Settlement. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

DATED this 28th day of March, 2022.

                                                  /s/ *Michael H. Simon*
                                                  Michael H. Simon
                                                  United States District Judge

PAGE 7 – JUDGMENT